UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RANDOLPH JACKSON AND JANET MEYERS, individually and as heirs of the estate of Matthew Charles Jackson, and ERICA FITTS, individually and as next friend of J.C.J., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>SUSAN PAMERLEAU, individually, BEXAR COUNTY, TEXAS, and ANTHONY THOMAS, individually,<br><br>Defendants. | No. 5:15–CV–524–DAE |

ORDER DENYING LEAVE TO FILE SECOND AMENDED COMPLAINT

On January 8, 2016, Randolph Jackson and Janet Meyers, individually and as heirs of the estate of Matthew Charles Jackson, and Erica Fitts, individual and as next friend of J.C.J., a minor (collectively, "Plaintiffs") filed a Motion seeking Leave to File their Second Amended Complaint against all Defendants. (Dkt. # 39.)

Federal Rule of Civil Procedure 15 allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The policy of the Federal Rules is to permit liberal amendment." Carroll v. Fort James Corp., 470 F.3d 1171, 1174 (5th Cir. 2006)

1

(quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597–98 (5th Cir. 1981)). However, "[a] decision to grant leave is within the discretion of the trial court," where the trial court can articulate "a substantial reason" for denying leave. Matter of Southmark Corp., 88 F.3d 311, 314–15 (5th Cir. 1996). Accordingly, when determining whether to grant leave to amend pleadings, a court should deny leave if there exist "such factors as undue delay . . . undue prejudice to the opposing party, and futility of amendment." Id.

Pursuant to this Court's Scheduling Order, amended pleadings in this case were due on December 21, 2015. (Dkt. # 23.) On August 8, 2015, Defendants filed a Motion to Dismiss. (Dkt. # 9.) On December 28, 2015, this Court granted Plaintiff's Motion for Leave to File their First Amended Complaint (Dkt. # 32) after finding that Plaintiffs did not seek to file the Amended Complaint for reasons of bad faith or to cause undue delay." (Dkt. # 33.) Plaintiffs filed their First Amended Complaint December 28, 2015. (Dkt. # 34.) On December 29, 2015, Defendants filed an Amended Motion to Dismiss, anticipating that the First Amended Complaint would moot their original Motion to Dismiss. (Dkt. # 35.) This case is scheduled for hearing on January 28, 2016 with regards to Defendants' Motion to Dismiss (Dkt. # 35), and Plaintiffs' Motion to Stay (Dkt. # 22). Granting leave to file a Second Amended Complaint will moot the Amended Motion to Dismiss and require Defendants to file the motion for a third time.

Noting that the hearing on the issue is rapidly approaching, granting leave to amend the complaint will cause undue prejudice to Defendants.

Further, the Court has reviewed the proposed Second Amended Complaint, and finds only one material change from the First Amended Complaint, the addition of the following sentence:

> At all times relevant **DEFENDANT THOMAS** assaulted and committed battery against **PLANTIFF JACKSON** while he was an on duty officer for the Bexar County Sheriff's Office.

(Dkt. # 39, Ex. A.)[1]  Plaintiffs argue that this addition is necessary, because Defendant Bexar County disclosed information on December 29, 2015 regarding an insurance policy, and this information would prejudice Plaintiffs if they are not allowed to amend their complaint.  (Id. at 2.)  The Court does not follow this logic, which appears to be based upon a misunderstanding of the Federal Rules of Civil Procedure.[2]  Should Plaintiffs or Defendants later wish to include this insurance policy as evidence in support of a motion, provided that such admission is not

---

[1] The remaining differences between the First Amended Complaint and the Second Proposed Amended Complaint are immaterial; the Second Proposed Amended Complaint states that Defendants Bexar County Texas, Susan Pamerleau, and Anthony Thomas have been served, and paragraph 11 is formatted in a different manner.  (Dkt. # 39 ¶¶ 4–6, 11.)

[2] Plaintiffs claim that they are entitled to amend their complaint, because "[p]ursuant to F.R.C.P. 26(c) a party must make initial disclosures at or within 14 days after the parties Rule 26(f) Conference."  (Dkt. # 39 at 2.)  Federal Rule 26(c) contains no such requirement.  Furthermore, the Federal Rules of Civil Procedure do not permit a Plaintiff's complaint to be continuously amended in response to information obtained during discovery.  See generally Fed. R. Civ. P. 15.

prohibited by the Federal Rules of Evidence, the opposing party will be able to respond by filing a memorandum in opposition at that time. Further, the conduct that forms the basis for Plaintiffs' complaint was known to Plaintiffs from the inception of the lawsuit.

Because allowing Plaintiffs to file their Proposed Second Amended Complaint could cause undue prejudice to Defendants, Plaintiffs' Motion for Leave to File their Second Amended Complaint is hereby **DENIED**.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, January 14, 2016

_____
David Alan Ezra
Senior United States Distict Judge